## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CLIFTON WHITE,

      Plaintiff,

v.                                                                                    Case No. 21-cv-1207-SCY-JFR

GEOFFREY STONE, in his individual capacity,
ERIC BROWN, in his individual capacity,
FLORENCE MULHERON, in her individual capacity,
ELIJAH LANGSTON, in his individual capacity,
AARON VIGIL, in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART
## PLAINTIFF'S REQUEST FOR RULE 56(d) DISCOVERY

Following events at a Black Lives Matter ("BLM") protest he organized, officers with the

Albuquerque Police Department arrested Plaintiff Clifton White for parole violations. Plaintiff

argues the arrest was pretextual and brings claims against the arresting officers (Geoffrey Stone

and Eric Brown)[1] for violations of the First Amendment (count I- retaliation for free speech), the

Fourth Amendment (count II- unreasonable seizure), and conspiracy to violate civil rights (count

VII). Doc. 1-1. Defendants Stone and Brown moved for summary judgment on all claims against

them based in part on qualified immunity. Doc. 37. In response to the summary judgment

motion, Plaintiff requested limited discovery under Federal Rule of Civil Procedure 56(d) and

---

[1] Originally, Plaintiff also brought claims against his parole officer, Elijah Langston. Doc. 1-1.
The Court granted judgment on the pleadings as to Officer Langston and dismissed him from the
case. Doc. 42. As discussed later in this opinion, the Court defers the decision of whether
Plaintiff may file an amended complaint against Officer Langston until after the parties conduct
some discovery.

filed an accompanying affidavit. Doc. 40. The Court grants Plaintiff's request in part and will allow limited discovery on certain topics.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

The non-movant has the burden to show that additional discovery is necessary. *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015).

A Rule 56(d) declaration must meet four requirements. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). First, the declaration must identify "the probable facts not available." *Id.* (citation omitted). Second, the declaration must state "why those facts cannot be presented currently." *Id.* That the movant has exclusive control over the needed information weighs in favor of Rule 56(d) relief; however, exclusive control is just one factor and does not grant automatic relief. *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). Third, the declaration must specify "what steps have been taken to obtain these facts." *Valley Forge Ins. Co.*, 616 F.3d at 1096 (citation omitted). And fourth, the declaration must explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery

---

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), all parties consented to me serving as the presiding judge and entering final judgment in these cases. Docs. 11, 13, 14, 15, 16.

will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc., v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

Additionally, in this case, because Defendants have raised qualified immunity, "there is a strong policy justification for staying discovery and for refusing requests for additional discovery. . . ." *Martin*, 626 F. App'x at 740. The Tenth Circuit explained that

> [q]ualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. Accordingly, qualified immunity questions should be resolved at the earliest stage in litigation. Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government.

*Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original) (internal quotations omitted). Indeed, discovery is currently stayed in this case given the pending qualified immunity motion. Doc. 27.

However, a stay of discovery pending a motion for qualified immunity is not absolute. The Court recognizes that "when qualified immunity is raised as a defense, there is a narrow right to discovery limited to the issue of qualified immunity." *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994). Such discovery, however, "must be tailored specifically to the immunity question." *Id.* (quoting *Workman*, 958 F.2d at 336). Therefore, "[w]hen the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotations omitted). In other words, "the plaintiff bears the burden of demonstrating how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Martin*, 626 F. App'x at 740 (internal quotation omitted).

## ANALYSIS

As an initial matter, in response to Defendants' summary judgment motion, Plaintiff filed both a response and a request for Rule 56(d) discovery. Docs. 40, 41. Should the Court allow Rule 56(d) discovery, Plaintiff requests the opportunity to supplement his response. Doc. 41 at 22. Defendants argue that because Plaintiff has already responded to the summary judgment motion, including adding additional facts, he has waived his right to seek Rule 56(d) discovery. Doc. 48 at 2. Indeed, the Tenth Circuit has found that a district court did not abuse its discretion in denying a Rule 56(d) request made more than three months after the plaintiffs filed "their factually detailed response opposing summary judgment." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016). But unlike the plaintiff in *Gutierrez*, here Plaintiff did not wait three months after filing a response to summary judgment to request additional discovery. He filed his Rule 56(d) discovery request at the same time as his response (*see* Docs. 40, 41) and his response specifically lists those facts which he cannot respond to without further discovery. Doc. 41 at 9-10 ¶¶ 29, 31.

Defendants are correct that Plaintiff should have filed his motion for Rule 56(d) discovery before, not at the same time as, his response to the summary judgment motion. *See Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) ("The protection afforded by Rule 56[d] is an *alternative* to a response in opposition to summary judgment under 56[c].") (emphasis in original). Once Plaintiff realized the need to file a Rule 56(d) motion, he also should have filed a motion to stay summary judgment briefing pending resolution of the Rule 56(d) request. In its discretion, however, the Court declines to summarily deny Plaintiff's Rule 56(d) request because it was filed simultaneously to, rather than before, his response to Defendants' motion for summary judgment.

4

Turning to the merits of the Rule 56(d) request, Defendants move for summary judgment and assert qualified immunity on all of Plaintiff's claims. They make three arguments: (1) Plaintiff's status as a parolee does not afford him the same protections as non-parolees; (2) probable cause and/or arguable probable cause existed to arrest Plaintiff; and (3) Plaintiff was not engaged in a protected activity. Doc. 37 at 1. Most of the discovery Plaintiff seeks in his Rule 56(d) request is overbroad and does not appear related to defending against these qualified immunity arguments, nor does Plaintiff explain how it will lead to a genuine issue of material fact. *See, e.g.*, Doc. 40 ¶ 1(a) (seeking Defendants' deposition on "[t]he nature of Defendant Stone and Defendant Brown's purported assignments pertaining to Mr. White"); *id.* ¶¶ 1(d), 2(d) (seeking depositions of Defendants and their supervisors on "[i]nformation regarding how APD employees identified Mr. White during the interactions involving the Kia Amanti"). In other words, for the most part, Plaintiff's Rule 56(d) affidavit does not demonstrate a connection between the information he would seek in discovery and the validity of Defendants' qualified immunity assertions. As such, for the most part, Plaintiff has not carried his burden to demonstrate how the discovery he seeks will raise a genuine fact issue as to Defendants' qualified immunity claims. The Court cannot carry Plaintiff's burden for him, and so Plaintiff's failure to draw a connection between the discovery he seeks and Defendants' qualified immunity assertion is fatal to most of his discovery requests.

In reviewing Plaintiff's complaint and Rule 56(d) discovery requests, however, the Court concludes that two categories of information Plaintiff identifies are sufficiently connected to the qualified immunity question to justify discovery. The first general category of information for which Rule 56(d) discovery is appropriate relates to APD's potential contact with the parole officer before the parole officer issued an arrest order. *See* Doc. 40 at 4, ¶ 3(d). In his complaint,

Plaintiff alleges, "Defendant Stone investigated Mr. White's status on probation and contacted Mr. White's probation officer, Defendant Langston, to understand Mr. White's conditions of probation and to find technical violations and to involve himself in the arrest of Mr. White for technical violations of probation--outside of the normal course and process by which probation violations are handled." Doc. 1-1 at ¶ 31; *see also* Doc. 41-2 (Plaintiff's violation report, stating that "[o]n 06/01/20, APPO was again contacted, however, this time by the Albuquerque Police Department"). Thus, in his Rule 56(d) affidavit, Plaintiff asserts that he needs discovery to discern the nature of the communications between APD and the parole office. Doc. 40 at 2; *see also* Doc. 41 at 10, 20 n.2.

The Court agrees that such evidence would be relevant to Defendants' qualified immunity argument. Specifically, evidence that Defendants influenced the parole officer's decision to issue an arrest order could undermine Defendants' qualified immunity argument that they "could reasonably rely upon the probable cause determination of other law enforcement officers when placing persons under arrest." Doc. 37 at 15. Thus, evidence related to whether the parole officer made an independent decision to issue an arrest order and whether Defendants Brown or Stone, or an agent of Defendants Brown and Stone, influenced the parole officer to issue an arrest order the parole officer normally would not issue, is relevant. Further, admissible evidence regarding whether Defendants Brown or Stone contacted, or had someone else contact, the parole office to request an arrest order is not likely accessible to Plaintiff without discovery. The Court will therefore allow Plaintiff to obtain evidence of such communication through discovery.

The second category of information for which Rule 56(d) discovery is appropriate relates to whether Plaintiff was arrested when otherwise similarly situated individuals not engaged in

the same sort of protected speech had not been arrested. *See* Doc. 40 at 4 ¶ 3(e) (Plaintiff's request for information regarding APD's arrests of other individuals suspected of technical parole violations). In *Nieves v. Bartlett*, the United States Supreme Court stated, "[a]lthough probable cause should generally defeat a retaliatory arrest claim, a narrow qualification is warranted for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so. In such cases, an unyielding requirement to show the absence of probable cause could pose a risk that some police officers may exploit the arrest power as a means of suppressing speech." 139 S. Ct 1715, 1727 (2019) (internal quotations and citations omitted). The parties have not squarely addressed whether a similar exception applies to the arrest of parolees, who can legally be arrested without probable cause that the parolee has committed a new crime. The briefs of both parties, however, acknowledge an argument exists that an exception similar to the one set forth in *Nieves* could apply to parole violation arrests. *See* Doc. 37 at 13; Doc. 41 at 16.

If an exception similar to the one described in *Nieves* applies to the arrest of parolees, and if the alleged parole violations for which Plaintiff was arrested are the type for which otherwise similarly situated individuals (parolees committing similar violations) who are not engaged in protected activity are not arrested, Plaintiff might be able to overcome Defendants' qualified immunity defense. Thus, this category of information is directly related to Defendants' qualified immunity defense. Moreover, in their summary judgment motion, Defendants argue that Plaintiff has failed to produce any evidence to support his argument under the *Nieves* exception. Doc. 48 at 13. But Plaintiff is unlikely to have access to admissible evidence related to whether parolees are typically not arrested for violations similar to those alleged against Plaintiff. The Court is not inclined to accept Defendants' absence-of-evidence argument without first giving Plaintiff an

opportunity to explore whether such evidence exists. As a result, the Court will allow Plaintiff to attempt to obtain evidence related to this *Nieves*-type exception through discovery.

While the Court will allow discovery on these two topics, Plaintiff's actual discovery requests on these topics, contained in his Rule 56(d) affidavit, are overbroad. *See, e.g.*, Doc. 40 at 4 ¶ 3(d) (seeking written discovery including "[n]arrative responses and all documents, including APD internal and external communications, that reflect the investigation and directives that led to Mr. White's arrest"); *id.* ¶ 3(e) (seeking written discovery including "[a]ll documents that reflect arrests by APD of individuals suspected of technical parole violations in the two years leading up to the events described in Plaintiff's complaint"). Plaintiff's discovery requests on these topics are also quite burdensome, as he seeks written discovery, depositions of both Defendants, depositions of an unlimited number of Defendants' supervisors, and a subpoena to APD. *See, e.g.*, Doc. 40 at 2 ¶ 1(c) (seeking Defendants' deposition on "[i]nformation regarding how and when Defendants and their supervisors became aware of Mr. White's parole"); *id.* at 3 ¶ 2(c) (seeking depositions on Defendants' supervisors on "[i]nformation regarding how and when Defendants' supervisors became aware of Mr. White's parole"); *id.* at 5 ¶ 4(c) (seeking a subpoena to APD for "all documents that reflect arrests by APD of individuals suspected of technical parole violations in the two years leading up to the events described in Plaintiff's complaint"). Depositions, in particular, are much more likely than written discovery to impose excessive burdens of litigation on parties who have asserted qualified immunity.

Thus, rather than approving any of Plaintiff's written discovery or deposition requests as listed in his Rule 56(d) affidavit, the Court will allow Plaintiff to construct narrower written discovery requests, on the two topics identified in this Order, that he may then serve on Defendants Brown and Stone. In addition, the Court directs the parties to confer on whether

depositions are a necessary vehicle to obtain information in the categories for which the Court is allowing discovery. If depositions are necessary, the parties should discuss what depositions (which, if allowed, must be very limited in scope and duration) are appropriate.

Plaintiff should be mindful of the Supreme Court's admonition that discovery is generally disfavored once a defendant has raised qualified immunity as a defense. Thus, Plaintiff's discovery requests should be specific, narrowly tailored, and provide definitions where appropriate (for instance, Plaintiff should not request information related to "technical parole violations" without defining the term "technical parole violations").

As further guidance, the Court notes that, unless an APD officer influenced a parole officer's decision to issue an arrest order, an APD officer's simple act of executing an arrest order in which the APD officer was not otherwise involved, has little bearing on whether a *Nieves*-like exception applies to the present summary judgment motion. Plaintiff has not alleged that police officers are required, or even allowed, to scrutinize an arrest order and independently assess whether a parole officer had sufficient justification to issue the arrest order. And, Plaintiff is not arguing that Defendants violated his constitutional rights by failing to second guess the parole officer's arrest order. Instead, Plaintiff is alleging that Defendants knowingly conspired with the parole officer to arrest Plaintiff in retaliation for Plaintiff's protected activities. Thus, the Court would not be inclined to allow discovery designed to elicit information about how often APD executes arrest orders they were not involved in obtaining.[3]

---

[3] Granted, evidence that APD has frequently arrested parolees accused of similar violations would tend to show that Plaintiff's arrest does not fall within the *Nieves* exception. In other words, it would tend to show that Plaintiff's arrest for the parole violations alleged against him does not present an exceptional situation. Evidence of the converse, however, is much less useful. Without evidence that APD is primarily responsible for executing arrest orders in the state, evidence that APD has infrequently arrested parolees accused of similar violations might simply be the result of APD rarely executing arrest orders for parole violations.

In sum, the Court will allow Plaintiff to conduct limited discovery on who, if anyone, at APD contacted someone at New Mexico Probation and Parole Office between the time of the BLM protest and the issuance of the arrest order. The Court will further allow Plaintiff to inquire about what information, if any, was shared in such communication(s) and whether anyone at APD requested anyone at New Mexico Probation and Parole Office to issue an arrest order. Finally, the Court will allow Plaintiff to inquire about whether Plaintiff was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech are seldom, if ever, arrested. The parties shall confer in an attempt to agree on narrowly tailored discovery related to these two categories of information.

## MOTION TO EXTEND ANSWER DEADLINE

Shortly after Defendants filed the present motion for summary judgment, the Court decided a motion for judgment on the pleadings directed at claims against a different defendant, Plaintiff's parole officer Elijah Langston. Doc. 42. The Court granted the motion, dismissing all claims against Defendant Langston without prejudice. *Id.* at 22. The Court also gave Plaintiff 30 days to move for leave to amend if he wished to amend his complaint consistent with the Order. *Id.* Given the pending Rule 56(d) discovery request, Plaintiff filed an "Opposed Motion to Extend, or, in the Alternative, Reconsider, the Time to Seek Leave to File an Amended Complaint." Doc. 45; *see also* Doc. 51 (response); Doc. 52 (reply). The Court stayed its motion to amend deadline, pending resolution of the motion to extend. Doc. 47.

In his motion to extend, Plaintiff argues that the discovery he requests in his Rule 56(d) request is also "material to the deficiencies noted by the Court" in its Order granting the motion for judgment on the pleadings. Doc. 45 at 2. He further explains that the Rule 56(d) "requested discovery is concerning the City Defendants, but their responses necessarily implicate Officer

Langston, as is the nature of conspiracy." *Id.* at 3. Indeed, in the Order granting judgment on the pleadings, the Court noted a similar issue to one in the present motion for summary judgment: that the complaint lacks allegations that "'objective evidence exists that [Plaintiff] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been' or that such a standard applies to parole violation arrests." Doc. 42 at 21 n.13 (quoting *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019)).

The Court agrees that, because the claims against the various original Defendants overlap, judicial economy will be best served by allowing Plaintiff to conduct Rule 56(d) discovery as outlined in this Order before moving to amend. Because the case is currently stayed (with the exception of the Rule 56(d) discovery granted in this Order), Defendants will not be prejudiced by this brief extension in Plaintiff's amendment deadline. The Court therefore grants Plaintiff's Motion for Extension (Doc. 45) and his deadline to move to amend consistent with the Court's prior Order (Doc. 42) is extended pending Rule 56(d) discovery.

## CONCLUSION

For these reasons, the Court GRANTS IN PART Plaintiff's Rule 56(d) request for additional discovery (Doc. 40). The parties shall confer in an attempt to agree on narrowly tailored discovery related to the two categories of information the Court has identified in this Order. The parties shall also confer regarding deadlines to complete such discovery. No later than **thirty days** from the date of this Order, the parties must file a status report that advises the Court about any agreements they have reached and any disputes they have not been able to resolve. Upon reviewing the status report, the Court will set any necessary deadlines for the completion of the Rule 56(d) discovery and supplemental briefing on the summary judgment motion (Doc. 37).

11

Further, "Plaintiff's Opposed Motion to Extend, or, in the Alternative, Reconsider the Time to Seek Leave to File an Amended Complaint" (Doc. 45) is GRANTED. Plaintiff's deadline to move to amend consistent with the Court's prior Order (Doc. 42) is extended. The Court will set a deadline for Plaintiff to seek leave to file an amended complaint after discovery allowed in this Order is complete.

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE